UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES L. WILSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:06-CV-702-SNL |
| | ) |
| JAMES PURKETT, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon petitioner James L. Wilson's application for a writ of habeas corpus.

### The petition

Petitioner, an inmate at the Eastern Reception and Diagnostic Correctional Center, seeks release from confinement pursuant to 28 U.S.C. § 2254. Petitioner challenges the August 7, 1986 conviction imposed by the Circuit Court of St. Louis County, Missouri. Petitioner alleges violations of his Fifth, Sixth, Thirteenth, Fourteenth, Fifteenth, Seventeenth, Eighteenth, and Nineteenth Amendment rights.

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

A review of the instant petition indicates that it is time-barred under 28 U.S.C. §

2244(d)(1)[1] and is subject to summary dismissal. Petitioner was convicted and sentenced in 1986. He states that he filed a direct criminal appeal, and that the judgment of conviction was affirmed on April 5, 1988. On May 6, 1988, he filed a Rule 29.15 motion in St. Louis County Circuit Court; the motion was denied on February 2, 1989, and the Missouri Court of Appeals affirmed the judgment on February 13, 1990.

Even affording petitioner the benefit of the one-year grace period under the Antiterrorism and Effective Death Penalty Act, he nevertheless would be time-barred from litigating the instant petition, given that it was submitted to the Court for filing well after April 24, 1997. See Moore v. United States, 173 F.3d 1131, 1135 (8th Cir. 1999) (one-year grace period ends April 24, 1997). Petitioner does not claim that the limitations period should be equitably tolled to allow him to file this petition.[2]

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that no order to show cause shall issue as to the respondent, because the instant petition is time-barred under 28 U.S.C. § 2244(d)(1).

---

[1] The Court notes that Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitation period to petitions for writs of habeas corpus.

[2] Petitioner states that he filed a motion to reopen the Rule 29.15 proceeding on December 12, 2003, that the motion was denied on April 14, 2004, and that the Missouri Court of Appeals affirmed the decision on May 3, 2005. He further states that he filed an application for rehearing or transfer to the Missouri Supreme Court on May 12, 2005, and that the application was denied, but the date is unknown to him. In any event, the filing of a motion to reopen the Rule 29.15 proceeding cannot resurrect an otherwise procedurally defaulted claim. Cf. Anderson v. White, 32 F.3d 320, 321 n.2 (8th Cir. 1994).

**IT IS FURTHER ORDERED** that petitioner's petition for a writ of habeas corpus is **DENIED**.

An appropriate order shall accompany this memorandum and order.

Dated this 9th day of August, 2006.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**